# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| KEVIN P. MILLER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:14-CV-1026-RWS |
| ) | |
| UNITED STATES BANKRUPTCY ) | |
| COURT, EIGHTH CIRCUIT, ) | |
| EASTERN DISTRICT, ) | |
| ORDER #05-00402, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

Before the Court is petitioner's "Answer to Court Memorandum and Order" [Doc. #4], which he filed in response to this Court's Memorandum and Order of June 11, 2014, instructing him to submit to the Court a copy of the bankruptcy order he is contesting in this case [Doc. #3].

Petitioner states that he is challenging an order of the "U.S. Bankruptcy Court, Eighth Circuit, Eastern District #05-00402," which he claims was entered in 2006 and prohibits him "from filing papers in court." Petitioner failed to attach a copy of the said order to his complaint, and the Court notified him that it is unclear exactly what order petitioner is contesting [Doc. #3]. The Court also advised petitioner that it is unclear whether he is challenging an order entered by the United States

Bankruptcy Appellate Panel for the Eighth Circuit, over which this Court would not have jurisdiction, or in the United States Bankruptcy Court for the Eastern District of Missouri.

In his Answer, petitioner states that he "does not have readily a copy of the order prohibiting [him] from filing papers in court" in "case #05-00402." He further states that he "should not be burdened with such a request to reproduce an order that the court already has in [its] possession . . . and requests to be excused from such a burden." Petitioner's request is denied. Petitioner has not provided this Court with a document number or even a date corresponding to the contested order. After reviewing the Bankruptcy Court's docket, the Court was unable to ascertain what order petitioner was referencing in his mandamus petition [Doc. #1], and therefore, petitioner was instructed to provide a copy of the order. It is not the Court's duty or function to comb through the Bankruptcy Court's records and speculate as to which order petitioner might be challenging; this responsibility rests squarely and solely with petitioner.[1]

Accordingly,

**IT IS HEREBY ORDERED** that petitioner is instructed to provide the Court

---

[1] Even if he had been escorted out of the courthouse in 2006 and ordered not to file papers in bankruptcy court, petitioner does not presently assert, and there is no indication, that he is prohibited from entering the courthouse in order to obtain a copy of a previously-issued bankruptcy court order.

with a copy of the bankruptcy order he is contesting in this action, in accordance with the Court's Memorandum and Order of June 11, 2014 [Doc. #3].

**IT IS FURTHER ORDERED** that petitioner's failure to comply with this Order will result in the dismissal of this action, without prejudice and without further notice to him.

Dated this 20th day of June, 2014.

_____
**UNITED STATES DISTRICT JUDGE**