# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN P. MILLER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:14-CV-1026-RWS |
| | ) | |
| UNITED STATES BANKRUPTCY | ) | |
| COURT, EIGHTH CIRCUIT, | ) | |
| EASTERN DISTRICT, | ) | |
| ORDER #05-00402, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Kevin P. Miller's motion for leave to commence this action without payment of the required filing fee [Doc. #2]. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay the filing fee, and therefore, the motion will be granted. Furthermore, for the reasons set forth below, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant

who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint or petition that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its

judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 51-52.

In reviewing a pro se complaint or petition under § 1915(e)(2)(B), the Court must give the pleading the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

## The Petition

Petitioner brings this petition for writ of mandamus [Doc. #1], challenging an order of the "U.S. Bankruptcy Court, Eighth Circuit, Eastern District #05-00402," which he claims unconstitutionally prohibits him from "filing papers or a complaint in the court." On July 2, 2014, and pursuant to this Court's orders of June 11 and June 20, 2014, petitioner submitted a copy of the allegedly unconstitutional order.

## Discussion

The Court notes that although petitioner stated in his petition for writ of mandamus that the contested order was entered in 2006, the order he submitted to the Court is dated June 27, 2005 [Doc. #6]. The Court further notes that the June 27 order in no way prohibits petitioner from filing documents. Rather, the said order indicates that the Bankruptcy Clerk accepted certain documents from Mr. Miller on

3

June 27, 2005, "as a Miscellaneous file." The order states that the documents requested, in part, an automatic stay under 11 U.S.C. § 362; however, the Court determined that it was "without jurisdiction to enter an automatic stay in the circumstances described in the documents." As such, the Court denied Mr. Miller's request for an automatic stay, ordered the Clerk to send copies of the documents to the United States Court of Appeals for the Federal Circuit for "informational purposes," and closed the miscellaneous file.

Because the order in question in no way unconstitutionally prohibits petitioner from "filing papers or a complaint in the court," this action will be dismissed as legally frivolous and for failure to state a plausible claim for relief under 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to be issued, because this action is legally frivolous and fails to state a claims for relief. *See* 28 U.S.C. § 1915(e)(2)(B).

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 9th day of July, 2014.

_____
**UNITED STATES DISTRICT JUDGE**